**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Alexander H. Lim, Esq. (SBN: 292525)
alex@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Ludmila Kaplan

# UNITED STATES DISTRCT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUDMILA KAPLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT STORES NATIONAL BANK; AND, HUNT & HENRIQUES,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>  I.  **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692 ET SEQ.;**<br><br>  II. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788 ET SEQ.; AND,**<br><br>  III. **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiff LUDMILA KAPLAN ("Plaintiff") through Plaintiff's attorneys, brings this lawsuit to challenge the actions of Defendants DEPARTMENT STORES NATIONAL BANK ("DSNB" or "Defendants"); and, HUNT & HENRIQUES ("H&H" or "Defendants") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

///

---
[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

**COMPLAINT FOR DAMAGES**    PAGE 1 OF 10

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of: (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"); (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA"); and, (iii) Negligence.

10. Because Defendants conduct business within the State of California, personal jurisdiction is established.

11. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Defendant H&H resides in this judicial district; and, (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business in this judicial district at all times relevant.

12. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

13. Plaintiff is a natural person who resides in the County of Los Angeles, State of California from whom debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3); and a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant H&H is a company operating from the County of Santa Clara, State of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant DSNB is a company operating from the State of South Dakota.

16. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

18. At all relevant times, H&H was an authorized agent of DSNB as DSNB's attorneys.

19. Pursuant to *Fox v. Citicorp Credit Services* 15 F.3d 1507, 1505, the actions of the attorney are to be imputed to the client on whose behalf the are taken.

20. At all relevant times, the actions taken by H&H were in the scope of the agency relationship and in furtherance of DSNB's interest and therefore are imputed upon DSNB.

21. Because prior to these above described debt collection activities occurring, DSNB had retained H&H as DSNB's legal representative for the sole purpose of collecting DSNB's debts, and because H&H was DSNB's legal representative at the time the above described debt collection activities took place, and even continues to be DSNB's legal representative today, and because the above described debt collection activities, acts and omissions of H&H were conducted by H&H at the direction and control of DSNB, H&H's activities, acts and omissions are imputed on DSNB under the common law doctrine of agency, that is, respondeat superior, generally, and vicarious liability, specifically. Consequently, any liability of H&H is also the liability of DSNB, as H&H was attempting to collect debts for DSNB and acting at the direction and control of DSNB, when those illegal activities, acts and omissions occurred.

### FACTUAL ALLEGATIONS

22. At all times relevant, Plaintiff is an individual residing within the State of California.

23. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California.

24. Sometime prior to 2013, Plaintiff is alleged to have incurred certain financial obligations to the original credit, DSNB, that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as defined above.

25. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. At all times, Plaintiff has, and continues to, dispute the validity of said debt.

26. Subsequently, but before 2013, the alleged debt was assigned, placed, or otherwise transferred, by DSNB to H&H to engage in collection activity.

27. In this regard, H&H lodged the collection action on behalf of DSNB on April 23, 2013.

28. After nearly one year of litigation, the Parties agreed to amicably resolve the dispute via Stipulation shortly before trial.

29. Said stipulation explicitly stated that "[a]s consideration for saving the cost of having a witness attend the trial, [DSNB] agrees to stay execution of the judgment until May 1, 2016."

30. Despite this unequivocal promise, H&H, on behalf of DSNB, lodged an Abstract of Judgment with the County of Los Angeles, Registrar-Recorder/County Clerk on or about April 30, 2015.

31. Said Abstract of Judgment provided Plaintiff Notice of Involuntary Lien against Plaintiff's residential home.

32. Through this conduct, H&H violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff in connection with the collection of Plaintiff's alleged debt. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

33. Through this conduct, H&H violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

34. Through this conduct, H&H violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character and legal status of Plaintiff's alleged debt. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

///

///

35. Through this conduct, H&H violated 15 U.S.C. § 1692e(5) by taking an action that cannot legally be taken. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

36. Through this conduct, H&H violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect monies not owed by Plaintiff. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

37. Through this conduct, H&H violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt not owed by Plaintiff. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

38. Through this conduct, H&H violated 15 U.S.C. § 1692f(1) through the collection of an amount that was not expressly authorized by the agreement creating the alleged debt or permitted by law. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

39. Moreover, the Abstract of Judgment was served directly on Plaintiff despite Defendant's knowledge that Plaintiff was represented by an attorney with regard to the alleged debt and had knowledge of said attorney's name and address.

40. Through this conduct, H&H violated 15 U.S.C. § 1692c(a)(2) by communicating directly with a represented party. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

///

41. Through this conduct, Defendants violated Cal. Civ. Code § 1788.14(c) by initiating communications other than a statement of accounts with Plaintiff when Defendants had been previously notified in writing by Plaintiff's counsel that Plaintiff was represented by Plaintiff's counsel with respect to the alleged debt.

42. Therefore, Defendants took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendants violated 15 U.S.C. §§ 1692c(a)(2); 1692d; 1692e; 1692(e)(2)(A); 1692e(5); 1692e(10); 1692f; and 1692f(1). In addition, Defendants' collection activity also violated Cal. Civ. Code §§ 1788.14(c); and, 1788.17.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

### [AGAINST DEFENDANT H&H ONLY]

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

45. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant H&H.

///
///
///
///

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)
### [AGAINST ALL DEFENDANTS]

46. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

48. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## COUNT III
### NEGLIGENCE
### [AGAINST ALL DEFENDANTS]

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Plaintiff believes and thereon alleges that Defendants owed various duties to Plaintiff pursuant to the FDCPA.  Specifically, Defendants owed a duty to Plaintiff with regard to its manner of debt collection practices.

51. Defendants breached Defendants' duties by engaging in the acts described herein each in violation of the FDCPA.

52. Plaintiff asserts that Defendants are each the actual and legal cause of Plaintiff's injuries.

53. Plaintiff believes and thereon alleges that as a proximate result of Defendants' negligence, Plaintiff has suffered severe emotional distress.

///

54. Due to the egregious violations alleged herein, Plaintiff asserts that Defendants breached Defendants' duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendants' conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant H&H;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for Plaintiff;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant H&H;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for Plaintiff;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant H&H;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) for Plaintiff;
- General damages according to proof;
- Special damages according to proof;
- Loss of earnings according to proof;
- Costs of suit incurred herein;
- Punitive damages according to proof as to the Second Cause of Action against Defendant; and,
- Any and all other relief the Court deems just and proper.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## TRIAL BY JURY

55. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 18, 2015                           Respectfully submitted,

                                                          **KAZEROUNI LAW GROUP, APC**

                                          By:  /s/ Matthew M. Loker____
                                                               MATTHEW M. LOKER, ESQ.
                                                               ATTORNEY FOR PLAINTIFF