UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUDMILA KAPLAN,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT STORES NATIONAL BANK, et al.,<br><br>    Defendants. | Case No. 15-cv-03792-BLF<br><br>**ORDER (1) GRANTING KAPLAN'S MOTION TO DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(A)(2) AND (2) DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE**<br><br>[Re: ECF 18, 35] |

Plaintiff Ludmila Kaplan ("Kaplan") brings this action arising out of debt collection efforts by Defendants Department Stores National Bank ("DNSB") and Hunt & Henriques ("H&H"). This matter comes before the Court upon DNSB's motion to strike Kaplan's complaint pursuant to California's anti-SLAPP statute, Hunt & Henriques joinder to that motion, and Kaplan's motion for voluntary dismissal with prejudice under Fed. R. Civ. P. 41(a)(2). For the reasons stated herein, the Court GRANTS Kaplan's motion to dismiss with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and DENIES AS MOOT Defendants' motion to strike.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are taken from Kaplan's complaint. Kaplan allegedly incurred a debt on a credit account issued by DNSB. Compl. ¶ 24. After Kaplan fell behind on the debt, DNSB assigned or transferred the debt to H&H. Compl. ¶¶ 25-26. On April 23, 2013, H&H filed a collection action against Kaplan. Compl. ¶ 27.

Shortly before trial was to commence, the parties resolved the action by stipulation. Compl. ¶ 28. The stipulation stated that "[a]s consideration for saving the cost of having a witness

attend the trial, [DSNB] agrees to stay execution of the judgment until May 1, 2016." Compl. ¶ 29. Kaplan alleges that despite this agreement, H&H, on behalf of DNSB, lodged an Abstract of Judgment with the County of Los Angeles, Registrar-Recorder/County Clerk on or about April 30, 2015. Compl. ¶ 30. The Abstract of Judgment provided Kaplan notice of an involuntary lien against her home. Compl. ¶ 31. Kaplan alleges that the Abstract of Judgment was served directly to her despite Defendants' knowledge that she was represented by an attorney. Compl. ¶ 39. Kaplan alleges that this conduct DNSB and H&H violated the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act. Compl. ¶¶ 43-48. She also alleges that Defendants are liable for negligence as a result of their conduct. Compl. ¶¶ 49-54.

After Kaplan filed suit, ECF 1, DNSB and H&H filed answers to her complaint, ECF 14, 17. On October 27, 2015, DNSB filed a motion to strike under California's anti-SLAPP law and H&H filed a joinder to that motion. ECF 18, 19. On February 4, 2016, the Court held a hearing on the motion. ECF 33. The Court expressed its views on the motion, indicated that it was inclined to grant the motion to strike, but as required by Fed. R. Civ. P. 15(a), deferred ruling on the motion to strike and gave Kaplan leave to amend. ECF 32 (citing *Verizon Del. Inc. v. Covad Communs. Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) ("[G]ranting a defendant's anti-SLAPP Motion to Strike a Plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment.")). The Court gave Kaplan until February 18, 2016 to file an amended complaint and stated that if no amended complaint is filed by that time, the Court will rule on the motion to strike. ECF 32 at 2.

On February 16, 2016, Kaplan filed a motion to dismiss with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). In opposition, DNSB argues that the Court should rule on the merits of the anti-SLAPP motion and then dismiss the case as requested. ECF 36. H&H does not oppose a dismissal of the case with prejudice but would also like to receive its attorneys' fees and costs in conjunction with the anti-SLAPP motion. ECF 38.

## II.    LEGAL STANDARD

### A.    Fed. R. Civ. P. 41(a)(2)

Fed. R. Civ. P. 41(a)(2) allows for the dismissal of an action by the Court "at the plaintiff's

2

request…on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  The decision whether to allow a plaintiff to withdraw is left to the sound discretion of the court, but a court should grant dismissal pursuant to Fed. R. Civ. P. 41(a)(2) so long as granting the motion would not cause defendant to suffer some "plain legal prejudice."  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).  Legal prejudice means "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir. 1996). In resolving a motion under Rule 41(a)(2), the Court must make three determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Williams v. Peralta Cnty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).  "Courts consider three factors in determining whether to dismiss with or without prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Senne v. Kansas City Baseball Corp.*, Case No. 14-cv-3289-JCS, 2016 WL 3648547, at *2 (N.D. Cal. July 6, 2016) (internal quotations and citations omitted).

B.  **Anti-SLAPP**

"California law provides for the pre-trial dismissal of certain actions, known as Strategic Lawsuits Against Public Participation, or SLAPPs, that masquerade as ordinary lawsuits but are intended to deter ordinary people from exercising their political or legal rights or to punish them for doing so." *Makaeff v. Trump University, LLC*, 715 F.3d 254, 261 (9th Cir. 2013) (internal quotation marks and citations omitted). Section 425.16 of the California Code of Civil Procedure, also referred to as the anti-SLAPP statute, provides in relevant part that:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. P. Code § 425.16(b)(1).

Resolution of an anti-SLAPP motion is a two-step process. *Jarrow Formulas, Inc. v.*

3

*LaMarche*, 31 Cal. 4th 728, 733 (2003). "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." *Id*. (quoting *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). Second, "[i]f the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." *Id*. Under the second step, "the claim should be dismissed if the plaintiff presents an insufficient legal basis for it, or if, on the basis of the facts shown by the plaintiff, no reasonable jury could find for the plaintiff." *Makaeff*, 715 F.3d at 261 (internal quotation marks and citation omitted).

### III.   DISCUSSION

Kaplan seeks to dismiss this action with prejudice because she "no longer wishes to pursue this action and believes that [dismissing this action] will further settlement discussions." Mot. 2, ECF 35-1.  DNSB does not oppose the dismissal of this action but requests that the Court rule on the anti-SLAPP motion before dismissing the action.  DNSB Opp. 1, ECF 36.  H&H does not oppose the dismissal of this action with prejudice but reserves its rights to request an award of its attorney fees and costs.  H&H Opp. 2, ECF 38.  In reply, Kaplan argues that the purpose of an anti-SLAPP motion has been achieved by dismissal of this action and that DNSB should not be awarded attorneys' fees and costs associated with bringing the anti-SLAPP motion.

In addressing whether Kaplan's motion for a rule 41(a)(2) dismissal should be granted, the Court notes that none of the parties seriously dispute that this action should ultimately be dismissed with prejudice.  DNSB Opp. 1, ECF 36 (stating that the Court should rule on the anti-SLAPP motion then dismiss the complaint with prejudice); H&H Opp. 2, ECF 38 (stating that H&H has no opposition to a dismissal with prejudice).   Rather, DNSB's main arguments opposing the 41(a)(2) dismissal relate to the fact that a dismissal would deprive DNSB of its right to attorneys' fees and costs under the SLAPP statute.  DNSB Opp. 2-6, ECF 36.  Therefore, the Court first addresses whether DNSB is entitled to attorneys' fees in light of a Rule 41(a)(2) motion.

The Court finds that DNSB should not be awarded attorneys' fees in this action.  DNSB relies primarily upon *Vess v. Ciba-Ceigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) to argue that

its anti-SLAPP motion should be ruled upon and attorneys' fees should be awarded. In *Vess*, after plaintiff filed his complaint, defendants filed motions to strike under California's anti-SLAPP statute and motions to dismiss under Fed. R. Civ. P. 12(b)(6) and 9(b). *Id*. at 1101. In response to these motions, plaintiff sought and was given leave to amend his complaint. *Id*. After plaintiff filed his first amended complaint, defendants renewed all of their motions. *Id*. The district court granted defendants' motions to dismiss and gave plaintiff leave to amend. *Id*. The district court stated that after a second amended complaint was filed, it would determine whether plaintiff could show a probability of prevailing on his claims and decide the anti-SLAPP motions. *Vess v. Ciba-Geigy Corp. USA*, Case No. 00-cv-1839-CGA, 2001 WL 290333, at *16 (S.D. Cal. March 9, 2001). However, rather than amending a second time, plaintiff stood on his complaint and asked that final judgment be entered so he could appeal. *Vess*, 317 F.3d at 1102. The district court proceeded to rule on the anti-SLAP motion and award defendants attorneys' fees. *Id*. Here, unlike *Vess*, Kaplan is not seeking to stand on her complaint and appeal the dismissal of her complaint but instead is seeking to voluntarily dismiss all her claims. As a result, given the different postures of *Vess* and this case, *Vess* is not analogous to this case.

This action is more similar to *Verizon*, where the Ninth Circuit held plaintiffs should be given liberal leave to amend before ruling on anti-SLAPP motion. 377 F.3d at 1090-91. In that case, defendants argued that giving plaintiffs leave to amend would allow them "one free shot at a SLAPP suit before amending the complaint." *Id*. at 1091. Addressing this concern, the Ninth Circuit explained that "the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs eliminated the offending claims from their original complaint. If the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants." *Id*.

The Court has given Kaplan leave to amend and instead of filing a first amended complaint or seeking to stand on her original complaint, Kaplan has sought dismissal of this suit. As a result, the purpose of the anti-SLAPP statute has been achieved through the early dismissal of her claims. While the Court acknowledges DNSB's concern that Kaplan is able to avoid attorneys' fees and costs by bringing this case in federal court instead of state court, the Ninth Circuit has been clear

that Rule 15(a)'s liberal leave to amend policy trumps this concern.  Since DNSB's only reasons for opposing a Rule 41(a)(2) dismissal center around its belief that it should be awarded attorneys' fees, the Court finds that a Rule 41(a)(2) dismissal with prejudice is appropriate.  Accordingly, the Court GRANTS Kaplan's motion to dismiss with prejudice under Fed. R. Civ. P. 41(a)(2) and the Court DENIES AS MOOT DNSB's motion to strike.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Kaplan's motion to dismiss with prejudice under Fed. R. Civ. P. 41(a)(2) is GRANTED and DNSB's motion to strike is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: August 15, 2016

_____
BETH LABSON FREEMAN
United States District Judge